**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| Commodity Futures Trading Commission, *et al.*,<br><br>Plaintiffs-Appellees,<br><br>v.<br><br>Jackie Johnson, *et al.*,<br><br>Defendants-Appellants. | No. 26-4281<br><br>**MOTION FOR SUMMARY DISPOSITION OF CIVIL APPEAL** |

Pursuant to Federal Rule of Appellate Procedure 27, Ninth Circuit Rules 3-6(a)(1) and 27-1, and this Court's order of July 21, 2026 (Dkt. No. 9.1), Defendants-Appellants the State of Arizona; Jackie Johnson, in her official capacity as Director of the Arizona Department of Gaming; and Kristin K. Mayes, in her official capacity as Attorney General for the State of Arizona (collectively, Defendants) move this Court to (1) summarily vacate the District Court's May 5, 2026 preliminary injunction order (ECF No. 96) as applied to sports contracts, and (2) remand for additional proceedings as to election contracts.[1]

[1] As explained in the September 4 Status Report (Dkt. No. 20.1), Defendants sought positions on the proposed relief from the other parties, Plaintiff KalshiEX, LLC (Kalshi); Intervenor Plaintiff North American Derivatives Exchange, Inc., d/b/a Crypto.com | Derivatives North America (Crypto.com); and Plaintiffs-Appellees the United States of America and the Commodity Futures Trading Commission (CFTC) (the United States and CFTC together, Federal Plaintiffs). Kalshi filed its petition

Such summary disposition of this matter is required by the Court's intervening decision in *KalshiEX, LLC v. Assad, et al.*, No. 25-7516, --- F.4th ----, 2026 WL 2543846 (9th Cir. Aug. 28, 2026) ("*Assad*"). In that decision, the Court rejected the arguments put forth by Kalshi, a CFTC-registered Designated Contract Market (DCM), that its sports "event contracts" met the definition of "swap" or "excluded commodity" under the Commodity Exchange Act (CEA). *Assad*, No. 25-7516, slip op. at 20–42 (9th Cir. Aug. 28, 2026). The Court found Kalshi's broad reading to fail in context and to be at odds with the statutory scheme. *Id.* 23–30. The Court also found Kalshi's reading to have no limiting principle and to raise concerns under the major-questions doctrine. *Id.* 30–41. For these reasons, the Court held sports event contracts are likely not to be swaps or excluded commodities and thus not under the exclusive jurisdiction of the CFTC. *Id.* at 41. The Court further held that the CEA is not likely to preempt state gaming laws under any theory—express, conflict, or field. *See id.* at 41–45. Finally, finding that the Nevada district court had not analyzed whether Kalshi's election contracts fit within the CEA's definition

---

for rehearing in *Assad* on September 9 (*Assad* Dkt. No. 206.1). On September 11, Federal Plaintiffs informed Defendants they would oppose this motion for summary disposition, believing instead a stay should be maintained, at least until the resolution of Kalshi's petition for rehearing in *Assad*. Soon after, Crypto.com stated it would consent to vacatur of the preliminary injunction but would request a stay of the mandate pending resolution of its petition for a writ of certiorari (referenced below).

of swap, the Court remanded for further proceedings on that issue. *See id.* at 41 n. 7, 47.[2]

*Assad* is now the law of this Circuit.[3] The legal questions at issue in the instant case are the same, and the result must be the same. First, the Arizona district court found that sports event contracts are likely swaps. ECF No. 96 at 8–9. Second, the Arizona district court found that the CEA likely preempts enforcement of Arizona gaming laws against DCMs offering sports event contracts. *Id.* at 15, 17. *Assad* cuts down those findings, and the district court's preliminary injunction order based on those findings cannot stand.[4]

---

[2] The Court concurrently issued consistent, unpublished decisions in the two other cases consolidated for argument on April 16, 2026: *North American Derivatives Exchange, Inc. v. Nevada, et al.*, Case No. 25-7187, and *Robinhood Derivatives, LLC v. Dreitzer, et al.*, Case No. 25-7831. Last week, Crypto.com and Robinhood, the plaintiffs in those cases, filed petitions for writs of certiorari with the U.S. Supreme Court.

[3] This Court's published decision in *Assad* is enough to establish binding authority that must be followed by district courts in this Circuit, notwithstanding any stay of the mandate. *See In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017). Nevertheless, Defendants recognize that this Court may wait to decide the instant motion until it has ruled on the petition for rehearing in *Assad*.

[4] Importantly, in entering injunctive relief, the Arizona district court declined to require a security bond of any Plaintiff under Fed. R. Civ. P. 65(c). *See* ECF No. 65 at 4. *Assad* establishes Arizona has been wrongfully enjoined from enforcing its gaming laws as to DCMs' sports contracts, and, without a bond, it has no easy recourse against Kalshi and Crypto.com for costs and damages incurred by their ongoing violations of Arizona law. Those costs grow every day DCMs take bets from Arizonans. Defendants therefore respectfully request prompt resolution of this motion.

This Court must vacate the district court's preliminary injunction to the same extent as it affirmed the dissolution of the Nevada preliminary injunction—namely, to permit enforcement of Arizona gaming law, Ariz. Rev. Stat. §§ 5-1301 *et seq.*, §§ 13-3301 to 13-3312, against DCMs' offering of sports event contracts. This Court should also remand this case to the district court for further proceedings on whether election contracts fit within the CEA's definition of swap, or whether Arizona may enforce its ban on election wagering against such contracts, under A.R.S. § 16-1015. Finally, because this case also implicates an event contract based on a non-electoral political outcome (*see* ECF No. 17-1, Ex. 3, Count 8), this Court should remand that question as well.[5]

[5] Defendants note that Kalshi appealed a different order in the underlying Arizona district court case. *See KalshiEx, LLC, et al. v. Johnson, et al.*, No. 26-2978 ("*Kalshi*") (opened May 11, 2026). Relying on the Anti-Injunction Act, that order (ECF No. 51) denied Kalshi's Motion for Preliminary Injunction and Motion for Immediate Temporary Restraining Order. That appeal is already stayed before this Court. *Kalshi* Dkt. No. 23. Even if this Court were to side with Kalshi in that appeal and reverse the denial, the *Assad* decision would still control the ultimate outcome: Kalshi would not be entitled to a preliminary injunction as to sports event contracts. This Court need not concern itself with that appeal in considering the relief Defendants request here.

RESPECTFULLY SUBMITTED this 14th day of September, 2026.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**

By *_/s/ William Y. Durbin_*
Joshua D. Bendor
Alexander W. Samuels
William Y. Durbin
Joshua A. Katz
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, AZ 85004

*Attorneys for Defendants-Appellants*

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with Federal Rule of Appellate Procedure 27(d)(2)(A) and Circuit Rule 32-2(b) because it contains 1,014 words, excluding the items exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f).

This motion complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Office 365 in 14-point Times New Roman font.

September 14, 2026

*<u>/s/ William Y. Durbin</u>*
William Y. Durbin

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using ACMS on September 14, 2026.

I certify that all participants in the case are registered ACMS users and that service will be accomplished by ACMS.

September 14, 2026

*/s/ William Y. Durbin*
William Y. Durbin