**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| Commodity Futures Trading Commission, *et al*.,<br>Plaintiffs-Appellees,<br><br>V.<br><br>Jackie Johnson, *et al*.,<br>Defendants-Appellants. | No. 26-4281 |

**FEDERAL PLAINTIFFS' RESPONSE TO**
**DEFENDANTS-APPELLANTS' MOTION FOR SUMMARY DISPOSITION**

Plaintiffs-Appellees ("Federal Plaintiffs") submit this response to Defendants-Appellants' ("Arizona's") Motion for Summary Disposition (Dkt No. 25.1) ("Mot."), requesting summary vacatur and remand of this appeal based on the Court's decision in *KalshiEX, LLC v. Assad, et al*., No. 25-7516, ___ F.4th ___, 2026 WL 2543846 (9th Cir. Aug. 28, 2026). Federal Plaintiffs respectfully request that this Court deny Arizona's motion as premature or, in the alternative, stay consideration of the motion at least until the Court issues the mandate in *Assad* and the consolidated cases. *See Assad*, No. 25-7516, Dkt. No. 75 (9th Cir. Feb. 26, 2026)

(consolidating with *North American Derivatives Exchange, Inc. v. Nevada*, No. 25-7187 (9th Cir.) and *Robinhood Derivatives, LLC v. Dreitzer*, No. 25-7831 (9th Cir.)).

The mandates in *Assad* and the companion cases have not been issued, and they may not be issued any time soon. The parties in these cases all seek differing forms of review. Most relevant, Kalshi has petitioned for rehearing and rehearing en banc in *Assad*. *Assad*, No. 25-7516, Dkt. No. 206 (Sept. 9, 2026). That petition automatically stayed issuance of the mandate. Fed. R. App. P. 41(b). And even if the petition is denied, Kalshi could file a petition for a writ of certiorari and would likely show good cause to stay the mandate while the petition is considered. Fed. R. App. P. 41(c). Finally, Plaintiff the Commodity Futures Trading Commission expects that its revised version of 17 C.F.R. § 40.11 will become final within the next two months. *See* 91 Fed. Reg. 35,806 (June 12, 2026); *Assad*, No. 25-7516, 2026 WL 2543846, at *13 (relying, in part, on what the panel viewed as "§ 40.11's prohibition on listing gaming-related transactions"); *id* at *19 (Lee, J., concurring) ("CFTC, exercising its authority under the Special Rule provision, has issued a rule banning gaming contracts.").

The consolidated cases are also under further appellate review. Robinhood Derivatives filed a conditional petition for a writ of certiorari, which requests that the Supreme Court grant review in the event that it grants a cert petition from a Third

Circuit case. *See* Petition for a Writ of Certiorari, *Robinhood Derivatives, LLC v. Dreitzer*, No. 26-338 (U.S. Sept. 10, 2026). And Crypto.com filed an unconditional petition for a writ of certiorari. Petition for a Writ of Certiorari, *North American Derivatives Exchange, Inc., dba Crypto.com v. Nevada*, No. 26-344 (U.S. Sept. 11, 2026). The mandates could be stayed pending the resolution of these petitions, as well. Fed. R. App. P. 41(c).

Given all these moving pieces, the relief Arizona seeks in its motion—summary vacatur of a preliminary injunction—is premature. Indeed, Arizona largely agrees, as it "recognize[s] that this Court may wait to decide the instant motion until it has ruled on the petition for rehearing in *Assad*." Mot. 3 n.3. Furthermore, in Arizona's case against Kalshi (which was consolidated with this case in the district court), all parties agreed to "stay appellate proceedings . . . pending issuance of the mandates in" *Assad* and the consolidated cases. *KalshiEX, LLC v. Johnson*, No. 26-2978, Dkt. No. 23.1 at 2 (9th Cir. June 4, 2026).[1] Federal Plaintiffs ask that the Court follow the same path here, either by denying Arizona's motion outright or, in the

[1] In their joint motion to stay proceedings, Arizona and Kalshi noted that, "[i]n the event Defendants elect to appeal the district court's grant of a preliminary injunction to the Federal Plaintiffs"—which is the issue in this appeal—the parties anticipated requesting "a coordinated briefing schedule that will allow the parties and the Court to efficiently address the issues of both that appeal and this one." *KalshiEX*, No. 26-2978, Dkt. No. 22.1 at 5 (9th Cir. May 27, 2026). If that case is to remain stayed, judicial economy favors that this case remains stayed too.

alternative, by delaying consideration of the motion until the mandates issue in *Assad* and the consolidated cases.

Arizona's request for a summary remand now, before the mandates issue, risks overcomplicating proceedings. Because the *Assad* mandate is stayed in connection with the rehearing petition, the decision is not final. *Beardslee v. Brown*, 393 F.3d 899, 901 (9th Cir. 2004) ("An appellate court's decision is not final until its mandate issues."). While it may be true, as the State notes, that a published decision constitutes binding authority and must be followed unless and until it is overruled, *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017), it is likewise true that until the mandate has issued, a published decision is subject to modification, withdrawal, or reversal, *id.* at 1053. Applying a pre-mandate decision assumes the risk that the opinion could be amended, withdrawn, or reheard before the mandate issues. In other words, relying on pre-mandate precedent that is "not yet fixed as settled Ninth Circuit law" is a "gamble." *United States v. Ruiz*, 935 F.2d 1033, 1037 (9th Cir. 1991). And given the morass of petitions for rehearing, rehearing en banc, and certiorari that are currently percolating, it would be especially speculative to summarily dispose of this case. For example, if this Court were to summarily vacate and send this case back to the district court, but then subsequently grant the petition

for rehearing in *Assad*, this case may very well be re-appealed, making the whole roundtrip unnecessary.

In the event that the mandates issue and the *Assad* opinion becomes final, Federal Plaintiffs agree with Arizona that the Court may summarily vacate the preliminary injunction as to sports event contracts and remand for further proceedings as to other event contracts.[2] If and until that occurs, however, Federal Plaintiffs respectfully request that this Court preserve the status quo by maintaining the stay. It may do so by denying Arizona's motion without prejudice or, as the State itself suggests, by delaying consideration of the motion until the mandates issue. Mot. 3 n.3.

---

[2] Federal Plaintiffs do not agree that, if this Court vacates the preliminary injunction with respect to sports event contracts, it "should also remand this case to the district court for further proceedings on whether election contracts," or other political event contracts, "fit within the CEA's definition of swap." Mot. 4. Unlike in *Assad*, the district court in this case considered and decided that issue. *Compare Assad*, 2026 WL 2543846, at *15 ("Because the district court did not analyze whether Kalshi's election contracts . . . fit within the CEA's definition of swap, we remand for the district court to consider this issue in the first instance.") *with KalshiEX LLC v. Johnson*, 832 F. Supp. 3d 954, 962 (D. Ariz. 2026) (holding that "[e]vent contracts based on sports and election outcomes work the same way" as other derivatives transactions). Remanding to the district court to reconsider those issues risks expanding the scope of *Assad* beyond its holding.

Dated: September 24, 2026

Respectfully submitted,

*/s/ M. Jordan Minot*
M. Jordan Minot
Counsel of Record
Deputy General Counsel
Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
Tel. (202) 418-5433
jminot@cftc.gov

*Attorneys for the United States of America*

BRETT A. SHUMATE
ASSISTANT ATTORNEY GENERAL
CIVIL DIVISION

TIBERIUS DAVIS
COUNSEL TO THE ASSISTANT ATTORNEY GENERAL
450 5th Street, N.W.
Washington, D.C. 20001
tiberius.davis@usdoj.gov
Tel. 202-860-8970

*Attorneys for the Commodity Futures Trading Commission*

TYLER S. BADGLEY
GENERAL COUNSEL
M. JORDAN MINOT
DEPUTY GENERAL COUNSEL
HENRY J. DICKMAN
SENIOR ASSISTANT GENERAL COUNSEL
ANNE W. STUKES
SENIOR ASSISTANT GENERAL COUNSEL

U.S. Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581
tbadgley@cftc.gov
jminot@cftc.gov
hdickman@cftc.gov
drubin@cftc.gov
Tel. 202-418-5607
Fax. 202-418-5567

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 1,127 words, excluding any part exempted by Fed. R. App. P. 27(a)(2)(B) and 32(f).

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a monospaced typeface using 2019 Microsoft Word in Times New Roman 14-point type.

September 24, 2026 *<u>/s/M. Jordan Minot</u>*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2026, I served the foregoing document on counsel of record using this Court's ACMS system. I certify that all participants in the case are registered ACMS users and that service will be accomplished by ACMS.

September 24, 2026 *<u>/s/M. Jordan Minot</u>*